890 P.2d 74

**STATE of Arizona, Appellant,**

v.

**Jeremy CLINTON, Appellee.**

**No. 1 CA–CR 94–0378.**

Court of Appeals of Arizona,
Division 1,
Department C.

Feb. 14, 1995.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, Phoenix, Melvin R. Bowers, Jr., Navajo County Atty. by Ralph E. Hatch, Deputy County Atty., Holbrook, for appellant.

Dale P. Neilson, Navajo County Alternate Public Defender, Holbrook, for appellee.

OPINION

NOYES, Presiding Judge.

The question is whether a trial court can deny restitution because the victim was partially at fault for her own injuries. The answer is no.

The victim, Renee Ortiz ("Ortiz"), and Defendant–Appellee, Jeremy Clinton ("Appellee"), worked at a care center in Winslow for mentally handicapped adults. Ortiz was Ap-

**300**

pellee's supervisor. On August 21, 1993, Ortiz and Appellee were assigned to take three patients on a field trip to the Show Low area. Appellee drove the care center's van. During the trip, Ortiz and Appellee drank alcoholic beverages provided by Ortiz. On the return to the care center, Appellee lost control of the van and rolled it, rendering Ortiz a paraplegic and injuring others.

Appellee was indicted on four counts of aggravated assault and one count of driving under the influence. Ortiz was not indicted. Appellee pleaded guilty to three counts of aggravated assault, including the count naming Ortiz as a victim. At sentencing, the trial court placed Appellee on probation for five years and ordered a restitution hearing. Ortiz requested restitution for $43,903.94 in medical bills; her counsel advised that other damages would be pursued in a civil case.

The trial court ordered Appellee to pay restitution to all victims except Ortiz. The court advised that it denied restitution to Ortiz because her injuries

> were recklessly caused, and ... the recklessness was a result of substantial conduct ... by Renee Ortiz in causing the injuries which she suffered, and [that conduct] included her supervision of Jeremy Clinton, and her purchase ... of all of the alcoholic beverages that were purchased during the trip. The Court believes that justice simply does not allow restitution under those circumstances to Renee Ortiz.

The State appealed. We have jurisdiction pursuant to article VI, section 9 of the Arizona Constitution and Ariz.Rev.Stat.Ann. ("A.R.S.") section 12–120.21(A)(1) (1992).

 In Arizona, a crime victim has a constitutional right to "receive prompt restitution from the person or persons convicted of the criminal conduct that caused the victim's loss or injury." Ariz. Const. art. II, § 2.1(A)(8) (Supp.1994) (Victims' Bill of Rights); *see also* A.R.S. §§ 13–4401 to –4438 (1994) and Ariz.R.Crim.P. 39 (enumerating victims' rights in criminal cases). A crime victim retains victims' rights even if the facts suggest that the victim might be culpable herself. *See Knapp v. Martone*, 170 Ariz. 237, 239, 823 P.2d 685, 687 (1992) (affording Victims' Bill of Rights protection to unindicted suspect in case involving murder of her two children). "The only victims excluded from the protection of the Victims' Bill of Rights are those 'in custody for an offense' or those who are 'the accused.'" *Id.* In the victims' rights context, the accused is "a person who has been arrested for committing a criminal offense and who is held for an initial appearance or other proceeding before trial." *Id.* (quoting Victims' Rights Implementation Act, A.R.S. § 13–4401(1) (1991)).

Because Appellee was convicted of criminal conduct that caused injury to Ortiz, who was neither in custody nor "the accused," Ortiz is entitled to prompt restitution from Appellee.

Two statutes control the implementation of a victim's right to restitution: A.R.S. section 13–603(C) (Supp.1994) provides, "If a person is convicted of an offense, the court shall require the convicted person to make restitution to the person who is the victim of the crime ... in the full amount of the economic loss as determined by the court...."; A.R.S. section 13–804(B) (Supp.1994) provides, "In ordering restitution for economic loss ... the court shall consider all losses caused by the criminal offense or offenses for which the defendant has been convicted."

 Because the above-referenced statutes make no mention of it, victim fault is not an issue in the restitution phase of a criminal case. The legislature has recognized that "many innocent persons suffer economic loss and personal injury or death as a result of criminal acts." 1991 Ariz.Sess. Laws ch. 229, § 2 (legislative intent). But the restitution laws do not benefit only *innocent* victims, they benefit *all* victims—except those who are in custody or are "the accused."

The trial court having erroneously failed to order Appellee to make restitution to victim Ortiz, the case is remanded with directions to do so.

GRANT and McGREGOR, JJ., concur.